UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, not in its Individual Capacity but solely as Owner Trustee for Verus Securitization Trust 2022-2,<br><br>    Plaintiff<br><br>v.<br><br>MAIO DAN CHEN,<br><br>    Defendant | No. 1:25-cv-00216-LEW<br><br>Re.: 447 S. Main St., Solon, Maine Mortgage deed dated July 29, 2021, recorded in Somerset County Registry of Deeds Book 5750, Page 63 |

## ORDER

In this action, Wilmington Savings Fund Society, FSB, as Trustee ("Plaintiff"), pursues a foreclosure action against Maio Dan Chen ("Defendant"), mortgagor of the above-referenced real property in Solon, Maine. The matter is before the Court on Plaintiff's Motion to Appoint Receiver (ECF No. 6).

Defendant, a resident of New York, was served in Brooklyn, New York, pursuant to New York service law and has failed to appear in this action. The pleadings indicate that Plaintiff has standing to enforce the promissory note and mortgage. Defendant has not made payments on the note since September 2024. The record further demonstrates that Defendant, despite her default on the promissory note secured by the Solon property, has let the property to others for the purpose of cultivating marijuana. A Maine real estate broker visited the property on May 9, 2025. Upon approaching the premises, she was

greeted through a speaker system. The voice provided a phone number at which to reach Defendant. Upon calling Defendant, the broker learned that Defendant does not reside at the premises. The property has security cameras mounted to all four exterior walls, dehumidifying systems venting the basement, and multiple new heat pump units. The electrical service also appears to be recently upgraded.

The Court has inherent authority under Rule 66 of the Federal Rules of Civil Procedure to appoint a receiver to manage property pledged as security in order to preserve its value in the event of a judgment. *New York Cmty. Bank v. Sherman Ave. Associates, LLC*, 786 F. Supp. 2d 171, 174-75 (D.D.C. 2011). The appointment of a receiver is an extraordinary equitable remedy but is appropriate when the appointment is ancillary to the achievement of final, equitable relief. *Id.* at 175. Factors that inform the Court's discretion include "the imminent danger of the property being lost, concealed, injured, diminished in value, or squandered; the inadequacy of the available legal remedies; the probability that harm to [the] plaintiff by denial of the appointment would be greater than the injury to the parties opposing appointment; and, in more general terms, [the] plaintiff's probable success in the action and the possibility of irreparable injury to his interests in the property." 12 Richard L. Marcus, *Federal Practice and Procedure* § 2983, Westlaw (database updated Apr. 2023) (cleaned up).

Among other considerations, Defendant has been unresponsive to communications, including multiple attempts to serve her with process. Defendant presumably is realizing rents from the grow operations occurring at the premises yet has failed to pay her mortgage, calling into question whether she is, in fact, in control of the property. Defendant also has

permitted the conversion of the premises for nonresidential purposes that are likely illegal. For these reasons, the appointment of a receiver is warranted to potentially receive rents, determine the legality of the grow operation, prepare the property for sale, and/or preserve the property from forfeiture. While the benefit to Plaintiff that will result from the appointment is clear, no significant corresponding injury will arise for Defendant. It is also material to the appointment that, by all appearance of record, Plaintiff's likelihood of success is high. Finally, the Court has on prior occasions appointed the proposed receiver and finds, based on that history, that he is well suited to the appointment.[1]

Accordingly, Plaintiff's Motion to Appoint Receiver (ECF No. 6) is GRANTED. The Court appoints Benjamin P. Campo, Jr., Esq. as Receiver of the property located at 447 South Main Street, Solon, ME 04979.

So ordered.

Dated this 21st day of July, 2025.

/s/ Lance E. Walker
Chief U.S. District Judge

---

[1] Counsel is advised to include in future applications evidence of the suitability of the proposed receiver.