UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

WILMINGTON SAVINGS FUND )
SOCIETY, FSB, NOT IN ITS )
INDIVIDUAL CAPACITY BUT )
SOLELY AS OWNER TRUSTEE FOR )
VERSUS SECURITIZATION TRUST )
2022-2, )
            )
          Plaintiff )
            )
     v. )           No. 1:25-cv-00216-LEW
            )
MIAO DAN CHEN, )
            )
          Defendant )

**ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND
JUDGMENT OF FORECLOSURE AND SALE**

**Title to Real Estate is Involved**

**447 South Main Street, Solon, ME 04979**

**Mortgage recorded in Somerset County Registry
of Deeds in Book 6123 at Page 34**

After entry of a default, and upon evidence introduced at the default judgment
hearing held on April 27, 2026, the Court finds as follows:

1.      That the parties have received notice of the proceedings in this action, and
that the notice was given in accordance with the applicable provisions of the Federal and
Local Rules of Civil Procedure.

2.      That venue is properly laid in this Court.

3. That Plaintiff Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as owner trustee for Verus Securitization Trust 2022-2 ("Plaintiff") is entitled to judgment as a matter of law.

4. That Defendant Miao Dan Chen ("Defendant") is in breach of the terms of a certain promissory note held by Plaintiff dated July 29, 2021 ("Note"), with such breach constituting a default by Defendant.

5. That the default of the Note caused a breach of the Mortgage.

6. That Plaintiff is the mortgagee of record of a mortgage securing the Note and recorded in the Somerset County Registry of Deeds in Book 5750 at Page 63 ("Mortgage"). The Mortgage encumbers real estate located at 447 South Main Street, Solon, Maine ("Property").

7. That the legal description of the Property as encumbered by the Mortgage is set forth in Exhibit A attached hereto.

8. That as of January 28, 2026, the total amount due to Plaintiff under the terms of the Note and Mortgage is $186,890.78, with additional interest accruing on the principal balance from and including January 28, 2026 at the rate of $23.88 per day, 5.325% per annum. Plaintiff is entitled to add any post-judgment attorney's fees and disbursements in connection with the foreclosure. Plaintiff is additionally entitled to add any additional amounts advanced or expended by Plaintiff regarding its mortgage security.

9. That the order of priorities and amount of the claims of the parties who have appeared in this action for distribution from the proceeds of sale, after payment of expenses of sale, in this case are as follows:

a. Plaintiff in the amount of **$186,890.78** plus accrued interest from and including January 28, 2026 at the rate of 5.325% interest per annum, $23.88 per day, to the date of judgment plus interest after judgment at a rate to be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment, plus further legal fees and expenses incurred by Plaintiff as described in Paragraph 8 above, plus any amounts advanced by Plaintiff related to its mortgage security, including but not limited to insurance premiums and real estate taxes; and

b. Clerk of the Court: any excess proceeds from sale, pursuant to 14 M.R.S. § 6324.

10. That the names and addresses (if known) of all parties to this action and their counsel of record are identified as follows:

> Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as owner trustee for Verus Securitization Trust 2022-2
> c/o Elizabeth M. Lacombe
> DUANE MORRIS LLP
> 100 Pearl Street, 13th Floor
> Hartford, CT 06103
>
> Miao Dan Chen
> 24-84 85th Street
> Brooklyn, NY 11214

11. That the Plaintiff's claim for attorney's fees is not integral to the relief sought; and

12.     That there is no just reason for delay in the entry of judgment for Plaintiff on all claims, except for the claim for attorney's fees and disbursements and additional amounts advanced by Plaintiff related to its mortgage security incurred by Plaintiff after the date of this Judgment.

**WHEREFORE**, it is hereby Ordered and Decreed:

A. That if Defendant does not pay Plaintiff the amounts adjudged to be due to Plaintiff as set forth in Paragraph 9(a) above within ninety (90) days from the date of entry of this Order, the appointed Receiver shall proceed with a sale of the Property described in the Mortgage, free and clear of all liens, except liens senior to Plaintiff's Mortgage, and shall pay the proceeds of sale, after satisfying expenses of sale, in the amounts, manner, and priority set forth in Paragraph 9 above;

B. That if Defendant fails to redeem by paying the above amounts adjudged to be due on or before ninety (90) days from the date of entry of this Order, or within such additional time as Plaintiff may in its sole discretion allow, or if Defendant abandons the Property, Plaintiff shall be entitled, at its option, to take exclusive possession of the Property described in Plaintiff's Mortgage, and the Clerk shall issue a Writ of Possession at the request of Plaintiff;

C. That Plaintiff shall specify attorney's fees and disbursements incurred after the date of judgment following the Public Sale, which shall then constitute a timely application for an award of additional attorneys' disbursements; Defendant may contest Plaintiff's application for additional attorney's fees and disbursements; and

4

D.  That once the applicable appeal period has expired, Plaintiff shall record a copy of this Judgment in the Somerset County Registry of Deeds and pay the recording fees therefore, such fees and costs so incurred by Plaintiff to be added to and become part of the mortgage indebtedness secured by the Mortgage.

**SO ORDERED.**

Dated this 5th day of May, 2026.

/S/ Lance E. Walker
Chief U.S. District Judge